

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                              *973/645-2700*
*Newark, NJ 07102*

DCC/PL AGR
2011R00984

**RECEIVED**

January 4, 2013

APR - 2 2013

Patrick McMahon, Esq., AFPD
Federal Public Defender's Office
1002 Broad Street
Newark, NJ 07102

AT 8:30_____M
WILLIAM T. WALSH CLERK

              Re:  <u>Plea Agreement with Michal Gunar</u>

Dear Mr. McMahon:

        This letter sets forth the plea agreement between your client, Michal Gunar, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

        Conditioned on the understandings specified below, this Office will accept a guilty plea from Michal Gunar to a two-count Indictment, Criminal No. 12-815 (JAP).  Count One of the Indictment charges conspiracy to commit a hate crime offense, contrary to Title 18, United States Code, Section 249(a)(1), in violation of Title 18, United States Code, Section 371.  Count Two of the Indictment charges the commission of a hate crime offense, in violation of  Title 18, United States Code, Sections 249(a)(1) and 2.  If Michal Gunar enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Michal Gunar for knowingly and willfully conspiring with others to commit an offense against the United States, and for the actual commission of that offense; that is, willfully causing bodily injury to certain individuals, who are of Egyptian descent, because of their actual and perceived race, color, and national origin, on December 31, 2011, in Middlesex County, in the District of New Jersey.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Michal Gunar may be commenced against him, notwithstanding the expiration of the limitations period after Michal Gunar signs the agreement.

Sentencing

      a.   Count One

      The violation of 18 U.S.C. § 371 to which Michal Gunar agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of:   (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.   Fines imposed by the sentencing judge may be subject to the payment of interest.

      b.   Count Two

      The violations of 18 U.S.C. §§ 249 (a)(1) and 2 to which Michal Gunar agrees to plead guilty carry a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of:   (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.   Fines imposed by the sentencing judge may be subject to the payment of interest.

      The sentence to be imposed upon Michal Gunar is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.   The United States Sentencing Guidelines are advisory, not mandatory.   The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.   This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Michal Gunar ultimately will receive.

      Further, in addition to imposing any other penalty on Michal Gunar, the sentencing judge:   (1) will order Michal Gunar to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Michal Gunar to pay restitution pursuant to 18 U.S.C. § 3663 et seq., and (3) pursuant to 18 U.S.C. § 3583, may require Michal Gunar to serve a term of supervised release of not more than three years, per count, which will begin at the expiration of any term of imprisonment imposed, and which terms will run concurrently.   Should Michal Gunar be placed on a term of supervised release and subsequently violate any of the

- 2 -

conditions of supervised release before the expiration of its term, Michal Gunar may be sentenced to not more than two years' imprisonment, per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, which terms may run either consecutively or concurrently, and may be sentenced to additional terms of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Michal Gunar by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Michal Gunar's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Michal Gunar agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Michal Gunar from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not

restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Michal Gunar waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Michal Gunar.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Michal Gunar.

- 4 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Michal Gunar and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Dennis C. Carletta
Assistant U.S. Attorney

APPROVED:

Andrew Kogan
Chief, National Security Unit

I have received this letter from my attorney, Patrick McMahon, Esq. I have read it in its entirety. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Michal Gunar                    Date: 3/25/13

- 5 -

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Patrick McMahon, Esq.                    Date:  3-25-13

## Plea Agreement With Michal Gunar

### Schedule A

1.   This Office and Michal Gunar recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Michal Gunar nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Michal Gunar within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Michal Gunar further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

### Count One

2.   The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.  The applicable guideline, pursuant to U.S.S.G. § 2X1.1(a), is U.S.S.G. § 2H1.1, which provides that the base offense level shall be calculated by utilizing the offense level from the offense guideline applicable to any underlying offense.  As the underlying offense in this case is a hate crime aggravated assault, the applicable guideline is U.S.S.G. § 2A2.2.  This guideline carries a Base Offense Level of 14.

3.   Specific Offense Characteristic U.S.S.G. § 2A2.2(b)(2)(C) applies, as at least one dangerous weapon was brandished or its use was threatened in the assault.  This Specific Offense Characteristic results in an increase of 3 levels to the Base Offense Level.

4.   Specific Offense Characteristic U.S.S.G. § 2A2.2(b)(3)(A) applies, as at least one victim sustained bodily injury.  This Specific Offense Characteristic results in an increase of 3 levels to the Base Offense Level.

5.   Specific Offense Characteristic U.S.S.G. § 3A1.1(a) applies, as the defendant intentionally selected at least one victim as the object of the offense on the basis of the victim's actual or perceived race, color, religion, national origin or ethnicity.  This Specific Offense Characteristic results in an increase of 2 levels to the Base Offense Level.

- 7 -

6.   The adjusted offense level for Count One resulting from the Specific Offense Characteristic guidelines applied above is 22.

## Count Two

7.   The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.  The applicable guideline is U.S.S.G. § 2H1.1, which provides that the base offense level shall be calculated by utilizing the offense level from the offense guideline applicable to any underlying offense.  As the underlying offense in this case is a hate crime aggravated assault, the applicable guideline is U.S.S.G. § 2A2.2. This guideline carries a Base Offense Level of 14.

8.   Specific Offense Characteristic U.S.S.G. § 2A2.2(b)(2)(C) applies, as at least one dangerous weapon was brandished or its use was threatened in the assault.  This Specific Offense Characteristic results in an increase of 3 levels to the Base Offense Level.

9.   Specific Offense Characteristic U.S.S.G. § 2A2.2(b)(3)(A) applies, as at least one victim sustained bodily injury.  This Specific Offense Characteristic results in an increase of 3 levels to the Base Offense Level.

10.   Specific Offense Characteristic U.S.S.G. § 3A1.1(a) applies, as the defendant intentionally selected at least one victim as the object of the offense on the basis of the victim's actual or perceived race, color, religion, national origin or ethnicity.  This Specific Offense Characteristic results in an increase of 2 levels to the Base Offense Level.

11.   The adjusted offense level for Count Two resulting from the Specific Offense Characteristic guidelines applied above is 22.

## Grouping of Counts One and Two

12.   Pursuant to U.S.S.G. § 3D1.2(b), the two counts of the Indictment group together into a single group as they involve substantially the same harm.  See U.S.S.G. § 3D1.2(b), Application Note 4.

13.   Pursuant to U.S.S.G. § 3D1.3(a), the offense level for the combined group is 22.

14.   As of the date of this letter, Michal Gunar has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Michal Gunar's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

15.   As of the date of this letter, Michal Gunar has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.   At sentencing, this Office will move for a further 1-point reduction in Michal Gunar's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:   (a) Michal Gunar enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Michal Gunar's acceptance of responsibility has continued through the date of sentencing and Michal Gunar therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Michal Gunar's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Michal Gunar is 19 (the "agreed total Guidelines offense level").

17.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.   The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

18.   Michal Gunar knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19.   This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing

court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.